# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* L.G.

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-0497 (Kanawha County 18-JA-307)

## MEMORANDUM DECISION

Petitioner Father G.G., by counsel Elizabeth G. Kavitz, appeals the Circuit Court of Kanawha County's April 24, 2019, order terminating his parental rights to L.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his request for a post-dispositional improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, the DHHR filed a child abuse and neglect petition against petitioner alleging that his substance abuse issues prevented him from properly caring for the children in the home and that he failed to protect A.A.-R. from the physical and emotional abuse of the mother.[2] Specifically, the DHHR alleged that A.A.-R. reported that the mother called him names

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]In 2014, an abuse and neglect petition was filed against the mother of L.G. and A.A.-R. alleging conditions of abuse and neglect similar to the instant matter. In the previous case, the mother stipulated to inappropriately disciplining A.A.-R. and was adjudicated as an abusing

(continued . . .)

1

such as "stupid, retard, dumb, moron" and told him that he was "never going to amount to anything." The DHHR alleged that A.A.-R. had also come to school with fresh scratch marks on his head, which he reported were caused by the mother. A.A.-R. was reported to be very hungry at school and attempted to steal food. During an interview with a Child Protective Services ("CPS") worker, A.A.-R. appeared frightened and fearful and claimed that his mother's anger towards him was his fault. The CPS worker interviewed petitioner, who claimed that "most of the problems with [A.A.-R. are A.A.-R.'s] fault because he does not listen." Petitioner admitted that the mother has "some anger issues" and claimed that he told the mother she should not call A.A.-R. names, but stated in the mother's defense that A.A.-R. "does dumb things." Lastly, petitioner admitted to using marijuana, but petitioner claimed that he used the drug in a room outside the presence of the children.

Petitioner waived his preliminary hearing and was granted a preadjudicatory improvement period. Services provided to petitioner included supervised visitation with L.G. contingent upon negative drug screens, random drug screens, parenting and adult life skills classes, a parental assessment and psychological evaluation, and bus passes to aid with transportation. In August of 2018, petitioner underwent the psychological evaluation. The evaluating psychologist found that petitioner lacked insight and only minimally accepted responsibility for his actions, which was highly predictive of his motivation to change. The psychologist noted there was little reason to believe petitioner would be motivated to change his attitudes, decisions, and behaviors and further opined that, should the same situation arise, petitioner would likely fail to take action to protect the children again. As such, the psychologist concluded that petitioner's progress for improved parenting was poor.

After two continuances, the circuit court held an adjudicatory hearing in October of 2018. Petitioner stipulated that his previous drug use interfered with his ability to parent the child. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period, which included the same services from the preadjudicatory improvement period. Following the adjudicatory hearing, petitioner continued to test positive for marijuana and his supervised visits with L.G. were suspended. Additionally, petitioner and the mother engaged in domestic violence on two separate occasions, which resulted in law enforcement intervention. In December of 2018, the circuit court held a review hearing, and the DHHR advised that petitioner was not complying with his post-adjudicatory improvement period. As such, petitioner's post-adjudicatory improvement period was terminated.

A dispositional hearing scheduled for February of 2019 was continued at the DHHR's request. Petitioner filed a motion for a post-dispositional improvement period in April of 2019. Later in April, the circuit court held the final dispositional hearing. Petitioner testified on his own

parent. However, the mother successfully completed her post-adjudicatory improvement period and the matter was dismissed. Petitioner is not the father of A.A.-R., but was noted to be a caretaker and/or custodian given that he lived in the home with the mother and his child L.G., who is the only child at issue on appeal.

behalf and presented the testimony of a service provider in support of his motion for a post-dispositional improvement period. Petitioner admitted that he tested positive for marijuana throughout the proceedings and continued to consume alcohol against the circuit court's order.[3] In fact, petitioner testified that he consumed alcohol only two days prior to the dispositional hearing. Petitioner also admitted that his positive drug screens kept him from visiting the child. Despite the fact that the mother's parental rights had been terminated earlier in the proceedings, petitioner testified that "she was never, ever a danger to, at least, our daughter" and that "[s]he never treated our daughter any differently than I would have treated her." Following this testimony, the circuit court denied petitioner's motion for a post-dispositional improvement period, finding that "there has not been enough improvement on behalf of [petitioner] to warrant another improvement period."

Proceeding to disposition, the circuit court took judicial notice of all prior evidence submitted. The DHHR presented the testimony of a CPS worker, who testified that there were no other services available to petitioner that had not already been offered. Due to petitioner's failure to comply with services and the denial of his motion for a post-dispositional improvement period, the CPS worker recommended termination of petitioner's parental rights. Ultimately, the circuit court found that petitioner had an ongoing substance abuse issue which prevented him from being an appropriate parent and prevented him from visiting with the child during the proceedings. The circuit court further found that, despite evidence of his testing positive for drugs throughout the proceedings, petitioner testified that he did not have substance abuse issues. As such, the circuit court terminated petitioner's parental rights, finding that the best interests of the child required termination and that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future given that he did not make sufficient effort to rectify the circumstances which led to the abuse and did not follow through with services. It is from the April 24, 2019, dispositional order that petitioner appeals.[4]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]Petitioner claimed that he tested positive for a substance that was "perceived" to be marijuana. Petitioner claimed that he was using "cannabidiol," or CBD oil, which allegedly caused him to test positive for marijuana.

[4]The mother's parental rights were terminated below. The children were placed in the care of the maternal grandmother with a permanency plan of adoption.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period. According to petitioner, the evidence demonstrated that he was likely to participate in a post-dispositional improvement period. Petitioner testified that he maintained employment, participated in services, and complied with the "vast majority" of random drug screens. As such, petitioner contends that the circuit court abused its discretion in denying his motion. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when,

[s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner was granted a preadjudicatory improvement period and a post-adjudicatory improvement period. Therefore, he was required to demonstrate a substantial change in circumstances in addition to his likelihood of fully participating in an improvement period in order to be granted a post-dispositional improvement period. However, petitioner failed to demonstrate either of these requirements. While it is true that petitioner maintained employment and attended services, petitioner tested positive for marijuana and alcohol throughout the proceedings, preventing him from visiting with L.G. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *Katie S.*, 198 W. Va. at 90 n.14, 479 S.E.2d at 600 n.14 (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Moreover, petitioner failed to fully acknowledge the extent of his actions, testifying that

he did not have a substance abuse problem and that he believed the mother could properly parent L.G. despite her parental rights having been terminated. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Given petitioner's failure to meaningfully address his substance abuse, consistently visit with his child, or acknowledge the extent of his responsibility, we find no error in the circuit court's decision to deny petitioner's motion for a post-dispositional improvement period, as it would have been an exercise in futility at L.G.'s expense.

Petitioner also argues that the circuit court erred in terminating his parental rights when other less-restrictive dispositions were appropriate. Petitioner asserts that he produced negative drug screens in the two months leading up to disposition and, given additional time, could have substantially corrected the conditions of abuse. We find no merit in petitioner's arguments.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to respond to or follow through with rehabilitative efforts designed to reduce or prevent the abuse and neglect of the child. During the underlying proceedings, petitioner tested positive for marijuana and alcohol on numerous occasions, despite knowing that producing positive screens would prevent him from visiting the child. Further, petitioner testified at the dispositional hearing that he did not have a substance abuse issue, despite acknowledging that he consumed alcohol only two days before the dispositional hearing, against court order. Petitioner also failed to acknowledge the extent of the mother's abuse against the children and only minimally accepted responsibility for his failure to protect the children from the mother's abuse. Moreover, petitioner's psychological evaluation report indicated that petitioner's motivation for change was low and that the likelihood that he would behave in the same manner should the same circumstances arise was high. As such, his prognosis for improved parenting was deemed to be poor. While petitioner argues that he should

5

have been granted a less-restrictive alternative to termination of his parental rights, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4 (citing syl. pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given petitioner's failure to adequately acknowledge or address his issues with substance abuse, we agree with the circuit court's decision that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the welfare of the child. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For these reasons, we find no error in the decision of the circuit court, and its April 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

6